UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHAEL O. DEVAUGHN,

       Plaintiff,

      v.                                Case No. 24-2483-JAR-BGS

KIOWA COUNTY, KANSAS, et al.,

       Defendants.

## REPORT AND RECOMMENDATION
## FOR DISMISSAL OF COMPLAINT

Plaintiff Michael DeVaughn filed this action pro se[1]. In conjunction with his federal court complaint (Doc. 1), Plaintiff filed a motion to proceed without prepayment of fees, which is a motion requesting leave for Plaintiff to proceed *in forma pauperis* ("IFP"). Doc. 4. After review of Plaintiff's complaint, however, the Court **recommends** to the District Court that Plaintiff's claims against Defendants be **dismissed** for failure to state a claim upon which relief may be granted.

### I.   Standard of Review for IFP Complaints

When a Plaintiff proceeds IFP, the court may screen the Complaint under 28 U.S.C. § 1915(e)(2). The court "shall dismiss" an in forma pauperis case "at any time if the court determines that … the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). "When a plaintiff is proceeding in forma pauperis, a court has a duty to review the complaint to ensure a proper balance between these competing interests." *Mitchell v. Deseret Health Care Facility*, No. 13-1360-RDR-KGG, 2013 WL 5797609, at *1 (D. Kan. Sept. 30,

---

[1] Plaintiff proceeds pro se. The Court construes his filings liberally and holds him to a less stringent standard than trained lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court does not assume the role of advocate for the pro se litigant. *Hall*, 935 F.2d at 1110.

2013).  The purpose of § 1915(e) is "the prevention of abusive or capricious litigation."  *Harris v. Campbell*, 804 F. Supp. 153, 155 (D. Kan. 1992) (internal citation omitted) (discussing similar language contained in § 1915(d), prior to the 1996 amendment).  *Sua sponte* dismissal under § 1915(d) may be appropriate when "on the face of the complaint it clearly appears that the action is frivolous or malicious."  *Hall v. Bellmon*, 935 F.2d 1106, 1108 (10th Cir. 1991) (citing *Henriksen v. Bentley*, 644 F.2d 852, 854 (10th Cir.1981)).

In determining whether dismissal is appropriate under 28 U.S.C. § 1915(e)(2)(B), a plaintiff's complaint will be analyzed by the Court under the same sufficiency standard as a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim.  *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).  In conducting this analysis, the Court will accept as true all well-pleaded facts and draw all reasonable inferences from those facts in favor of a plaintiff.  *See Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir. 2006).

While a complaint generally need not plead detailed facts, it must give the defendant sufficient notice of the claims asserted by the plaintiff so they may provide an appropriate answer. Fed. R. Civ. P. 8(a); *Monroe v. Owens*, 38 Fed. App'x. 510, 515 (10th Cir. 2002) (citation omitted). This requires that a complaint contain three minimal pieces of information: (1) a short and plain statement of the claim showing that the pleader is entitled to relief, (2) a short and plain statement of the grounds upon which the court's jurisdiction depends, and (3) the relief requested.  Fed. R. Civ. P. 8(a).

Because the court will liberally construe the pleadings of a pro se plaintiff, the court should "reasonably read the pleadings to state a valid claim on which the plaintiff could prevail … despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  *Hall*, 935 F.2d at 1110.  The court cannot, however, become an advocate for the pro se plaintiff.  *Id.*

2

A pro se plaintiff's complaint must still "set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions, and a formulaic recitation of the elements of a cause of action." *Fisher v. Lynch*, 531 F.Supp.2d 1253, 1260 (D. Kan. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964–65, 167 L.Ed.2d 929 (2007), and *Hall*, 935 F.2d at 1110 (holding that a plaintiff need not precisely state each element, but must plead minimal factual allegations on those material elements that must be proven)). "In other words, plaintiff must allege sufficient facts to state a claim which is plausible – rather than merely conceivable – on its face." *Id.* (citing *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974). *See also Bemis*, 500 F.3d at 1218 (stating that factual allegations in the complaint must establish "above the speculative level" that plaintiff is entitled to relief).

The Court's relaxed scrutiny of the pro se plaintiff's pleadings "does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall*, 935 F.2d at 1110. A pro se plaintiff's pleading conclusory statements is insufficient to state a claim because no special legal training is required to "recount the facts surrounding his alleged injury[.]" *Id. See also Olson v. Carmack*, 641 Fed. App'x. 822, 825 (10th Cir. 2016). If this Court finds, after construing the allegations in Plaintiff's complaint liberally, that Plaintiff has failed to state a claim upon which relief may be granted, the court is compelled to recommend that the action be dismissed.

## II.  Plaintiff's Claims and Factual Allegations

On October 21, 2024, Plaintiff filed a 42 U.S.C. § 1983 lawsuit against Kiowa County, Kansas and an unknown patrol officer in his individual capacity, claiming that Defendants violated his "Fourth Amendment right against unlawful search, seizure, and unlawful detention." Doc. 1, at 3. Specifically, Plaintiff states that on September 9, 2024, a police officer pulled him over without cause. He further explains:

> The unknown officer was about 5 car lengths ahead of the plaintiff. The unknown officer pulled over to the shoulder of the road, and allowed the 5 vehicles and the

> plaintiff to pass. The plaintiff looked in his rearview mirror, and saw the unknown
> officer was flashing his lights. The plaintiff was stopped by the unknown officer for
> an imaginary traffic violation, the officer alleged he saw in his rear view mirror.

Doc. 1, at 4. As a result of the traffic stop, Plaintiff claims damages for the "mental trauma of being

harrassed [sic] for no reason." Doc. 1, at 5. He seeks $100,000 for compensatory damages and $1

million for punitive damages.

Plaintiff's complaint fails to state a claim upon which relief can be granted. For the reasons

stated below, the undersigned **recommends** that Plaintiff's claims be **dismissed**.

### III.  Analysis

Plaintiff brings a claim under 42 U.S.C. § 1983 alleging violations of the Fourth Amendment

for unlawful search, seizure, and detention. The Fourth Amendment protects against unreasonable

searches and seizures and fully applies in the civil context. *Soldal v. Cook Cnty., Ill.*, 506 U.S. 56, 65-

66, 113 S. Ct. 538, 545-46, 121 L. Ed. 2d 450 (1992).

### A.  Plaintiff's 42 U.S.C. § 1983 Claims against the Officer Defendant

To establish liability against an officer in his individual capacity under 42 U.S.C. § 1983 for

alleged Fourth Amendment violations, the Plaintiff must allege, "that [the officer] has deprived him

of a federally protected right and [ ] the person who has deprived him of that right acted under the

color of state law." *Houston v. Reich*, 932 F.2d 883, 890 (10th Cir. 1991). "The traditional definition

of acting under color of state law requires that the defendant in a § 1983 action have exercised

power possessed by virtue of state law." *David v. City & Cnty. Of Denver*, 101 F.3d 1344, 1353 (10th

Cir. 1996). It is the Plaintiff's burden to demonstrate a nexus between the Defendant's conduct and

the Defendant's badge of state authority. *Id.*

Here, the complaint states that the officer turned on his lights and pulled him over to the

side of the road for a traffic violation. Officers are vested with authority to pull people over and

detain them for traffic violations. *See United States v. Botero-Ospina*, 71 F.3d 783, 786 (10th Cir. 1995).

Therefore, for the purposes of this report and recommendation, the Court will presume the unidentified officer acted pursuant to state law. However, the Court must next address whether the officer's actions constituted constitutional violations.

Plaintiff alleges violations of his Fourth Amendment rights for unlawful detention, seizure, and search. The Court will consider the unlawful detention and seizure claims together. Since the complaint is devoid of factual support suggesting any property was seized, the Court construes his unlawful detention claim to be the same as his "seizure" claim.[2]

To maintain an unlawful detention claim under § 1983, a plaintiff must show that his or her Fourth Amendment right to be free from unreasonable search and seizure has been violated. *See Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1312 (10th Cir. 2002). A traffic stop is a seizure under the Fourth Amendment.[3] *United States v. Manjarrez*, 348 F.3d 881, 884 (10th Cir. 2003). "A traffic stop is valid under the Fourth Amendment if the stop is based on an observed traffic violation." *United States v. Botero-Ospina*, 71 F.3d 783, 786 (10th Cir. 1995). Whether the stop is routine or ordinary is immaterial and the subjective motivations of the officer are irrelevant. *Id.* The sole inquiry is whether the officer had a reasonable suspicion that a motorist violated any law or committed a traffic infraction. *Manjarrez*, 348 F.3d 884-85. Whether reasonable suspicion exists is based upon the totality of the circumstances in light of "common sense and ordinary human experience." *United States v. Simpson*, 609 F.3d 1140, 1146 (10th Cir. 2010).

In this case, Plaintiff has not shown that the officer lacked reasonable suspicion to pull him

---

[2]A seizure of property occurs when "there is some meaningful interference with an individual's possessory interest that property." *United States v. Jacobsen*, 466 U.S. 109, 113, 104 S. Ct. 1652, 1656, 80 L. Ed. 2d 85 (1984). Plaintiff does not allege any facts indicative of an unlawful seizure of property. The complaint does not mention any property taken or the basis for the seizure of such property. Thus, even if Plaintiff intended to assert a claim that property was seized, he has pled no factual support for such a claim.

[3]The Fourth Amendment applies against state law enforcement officials as incorporated through the Due Process Clause of the Fourteenth Amendment. *Mapp v. Ohio*, 367 U.S. 643, 655, 81 S. Ct. 1684, 1691-92, 6 L. Ed. 2d 1081 (1961)

over. Plaintiff's conclusory assertion that he was pulled over for no reason does not raise to a § 1983 violation. In fact, his own statement of facts state that the officer witnessed a traffic violation and then proceeded to pull Plaintiff over for that violation. Doc. 1, at 4. Committing a traffic violation is reasonable suspicion for a police officer to detain a driver. *Manjarrez,* 348 F.3d 884-85. While Plaintiff may disagree with his motives, the subjective motivations of the police officer are irrelevant. *Botero-Ospina,* 71 F.3d at 786. As such, his claims for unlawful detention and seizure fail.

Plaintiff's next claim is for an unlawful search. A search occurs "when an expectation of privacy that society is prepared to consider reasonable is infringed." *Id.* In this case, the Plaintiff has alleged no facts in the complaint pertaining to an unreasonable search, and as such, has failed to plausibly allege a cognizable claim. While a complaint does not need to plead detailed facts, it does need to provide a defendant sufficient notice of the claims. *Allen v. Kansas,* No. 21-1250-JWB-KGG, 2021 WL 6066407, at *2 (D. Kan. Nov. 18, 2021), *report and recommendation adopted,* No. 21-1250-JWB-KGG, 2021 WL 6062608 (D. Kan. Dec. 22, 2021). There are no facts in the complaint even alluding to a search, let alone sufficient facts to make out a civil cause of action. To the extent Plaintiff is intending to assert a claim for an unlawful search, that claim also fails.

Accordingly, Plaintiff is unable to maintain his claims against the police officer. The undersigned Magistrate Judge **recommends** that all claims against the police officer be **dismissed** for failure to state a claim upon which relief may be granted.

### B. Plaintiff's 42 U.S.C. § 1983 claim against the County Defendant

Lastly, Plaintiff asserts a § 1983 claim against Kiowa County.[4] A county may be held liable

---

[4]The Court notes that the County of Kiowa is not an entity with the capacity to be sued. *Barngrover v. Cnty. of Shawnee,* No. 02-4021-JAR, 2002 WL 1758914, at *1 (D. Kan. June 10, 2002). The name in which a county should be sued is the board of county commissioners of the county at issue. *Id.* (citing K.S.A. 19-105). There are situations where a suit may be permitted to continue against an improperly named county, so the Court is not recommending dismissal on that basis. The Court will evaluate the claims against Kiowa County on the merits.

for violations under § 1983. *Stewart v. Bd. of Comm'rs for Shawnee Cnty., Kan.*, 320 F. Supp. 2d 1143, 1150 (D. Kan. 2004). To state a claim against a county under 42 U.S.C. § 1983, a Plaintiff must show: (1) the existence of a municipal policy or custom and (2) a direct causal link between the policy or custom and the injury alleged. *Id.*

Here, Plaintiff does not plead any policy that could subject the county Defendant to liability. *Debbrecht v. City of Haysville, Kan.*, No. 10-1419-JAR-DJW, 2012 WL 1080527, at *6 (D. Kan. Feb. 7, 2012), *report and recommendation adopted,* No. 10-CV-1419-JAR, 2012 WL 1080923 (D. Kan. Mar. 29, 2012) (recommending dismissal of a § 1983 claim for failure to identify a custom or policy). He does not identify any policy or custom in the complaint. He also does not establish any facts that would link any policy or custom to his claimed injury. Moreover, the Court previously found that there was no underlying § 1983 violation against the officer Defendant.

Accordingly, Plaintiff is unable to make a claim against Kiowa County. The undersigned Magistrate Judge **recommends** that all claims against the County be **dismissed** for failure to state a claim upon which relief may be granted.

## IV.    Conclusion

For the reasons explained above, the Magistrate Judge **recommends** that the District Judge **dismiss** Plaintiff's claims under 28 U.S.C. § 1915(e)(2)(B)(ii) because Plaintiff's complaint does not state a claim upon which relief may be granted**.**

**IT IS THEREFORE RECOMMENDED** to the District Court that Plaintiff's complaint (Doc. 1) be **DISMISSED** for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that a copy of the recommendation shall be sent to Plaintiff via certified mail. Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72, and D. Kan. Rule 72.1.4, Plaintiff shall have fourteen (14) days after service of a copy of these proposed findings and recommendations to serve and file with the U.S. District Judge assigned to the case, any written objections to the findings

of fact, conclusions of law, or recommendations of the undersigned Magistrate Judge. Plaintiff's

failure to file such written, specific objections within the 14-day period will bar appellate review of

the proposed findings of fact, conclusions of law, and the recommended disposition. *See Moore v.*

*United States*, 950 F.2d 656 (10th Cir. 1991).

**IT IS SO RECOMMENDED.**

Dated November 21, 2024, at Wichita, Kansas.

/s/ Brooks G. Severson
Brooks G. Severson
United States Magistrate Judge